UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

UNITED STATES OF AMERICA,

- against -

DARRYL COHEN,

Defendant.

---------------------------------------------------------X

23-CR-134 (VSB)

**JURY INSTRUCTIONS**

**INTRODUCTORY REMARKS** .......... **5**
**GENERAL INTRODUCTORY CHARGES** .......... **6**
INSTRUCTION NO. 1 Role of the Court .......... 6
INSTRUCTION NO. 2 Role of the Jury .......... 6
INSTRUCTION NO. 3 Role of Counsel .......... 6
INSTRUCTION NO. 4 Sympathy or Bias .......... 7
INSTRUCTION NO. 5 All Persons Equal Before the Law .......... 8
INSTRUCTION NO. 6 What Is and Is Not Evidence .......... 8
INSTRUCTION NO. 7 Direct and Circumstantial Evidence .......... 9
INSTRUCTION NO. 8 Judicial Notice .......... 10
INSTRUCTION NO. 9 Good Faith .......... 11
INSTRUCTION NO. 10 Evidence Not Admitted for the Truth .......... 12
INSTRUCTION NO. 11 Other Acts Evidence .......... 12
INSTRUCTION NO. 12 Morgan Stanley Policies and Training Materials. .......... 13
INSTRUCTION NO. 13 FINRA Rules and Examinations .......... 13
INSTRUCTION NO. 14 Morgan Stanley Investigation .......... 14
INSTRUCTION NO. 15 Tax Evidence .......... 14
INSTRUCTION NO. 16 Burden of Proof and Presumption of Innocence .......... 14
INSTRUCTION NO. 17 Reasonable Doubt .......... 15
INSTRUCTION NO. 18 Credibility of Witnesses .......... 16
INSTRUCTION NO. 19 Uncalled Witnesses Equally Available to Both Sides .......... 19
INSTRUCTION NO. 20 Law Enforcement and Government Witnesses .......... 19
INSTRUCTION NO. 21 Defendant's Right Not to Testify .......... 20
INSTRUCTION NO. 22 Other Individuals Not on Trial .......... 20
INSTRUCTION NO. 23 Preparation of Witnesses .......... 20
INSTRUCTION NO. 24 Particular Investigative Techniques Not Required .......... 21
INSTRUCTION NO. 25 Stipulations .......... 21
INSTRUCTION NO. 26 Inferences .......... 21
INSTRUCTION NO. 27 All Available Evidence Need Not Be Introduced .......... 22
INSTRUCTION NO. 28 Non-Prosecution Agreements .......... 22
INSTRUCTION NO. 29 Redactions .......... 24
INSTRUCTION NO. 30 Use of Charts and Summaries .......... 24

**SUBSTANTIVE CHARGES** ........................................................................................ **25**
INSTRUCTION NO. 31 The Indictment................................................................................ 25
INSTRUCTION NO. 32 Summary of Indictment ................................................................ 25
INSTRUCTION NO. 33 Multiple Counts ............................................................................ 26
INSTRUCTION NO. 34 Variance in Dates .......................................................................... 26
INSTRUCTION NO. 35 Conspiracy and Substantive Counts ............................................. 27
INSTRUCTION NO. 36 Count Two: Wire Fraud—Elements ............................................. 28
INSTRUCTION NO. 37 Count Two: Wire Fraud—First Element ....................................... 28
INSTRUCTION NO. 38 Count Two: Wire Fraud—Second Element .................................. 32
INSTRUCTION NO. 39 Count Two: Wire Fraud—Third Element ..................................... 34
INSTRUCTION NO. 40 Aiding and Abetting ..................................................................... 35
INSTRUCTION NO. 41 Willful Causation.......................................................................... 37
INSTRUCTION NO. 42 Count Three: Investment Advisor Fraud—Elements ...................... 38
INSTRUCTION NO. 43 Count Three: Investment Advisor Fraud—First Element .............. 38
INSTRUCTION NO. 44 Count Three: Investment Advisor Fraud—Second Element.......... 39
INSTRUCTION NO. 45 Count Three: Investment Advisor Fraud—Third Element............. 40
INSTRUCTION NO. 46 Count Three: Investment Advisor Fraud—Fourth Element........... 41
INSTRUCTION NO. 47 Count One: Conspiracy—Elements ............................................... 41
INSTRUCTION NO. 48 Count One: Conspiracy—First Element........................................ 42
INSTRUCTION NO. 49 Count One: Conspiracy—Second Element ................................... 43
INSTRUCTION NO. 50 Coconspirator Statements ............................................................. 46
INSTRUCTION NO. 51 Conscious Avoidance ................................................................... 46
INSTRUCTION NO. 52 Presence of Counsel ..................................................................... 47
INSTRUCTION NO. 53 Venue............................................................................................. 48
**CONCLUDING INSTRUCTIONS** ........................................................................... **50**
INSTRUCTION NO. 54 Right to See Exhibits and Hear Testimony: Communication with the

Court .................................................................................................................................. 50
INSTRUCTION NO. 55 Notes........................................................................................... 50
INSTRUCTION NO. 56 Duty to Deliberate: Unanimous Verdict......................................... 51
INSTRUCTION NO. 57 Verdict Form ................................................................................ 52
INSTRUCTION NO. 58 Duty of Foreperson........................................................................ 52
INSTRUCTION NO. 59 Verdict Form and Return of Verdict ............................................... 53
**CONCLUDING REMARKS ............................................................................................ 54**

## INTRODUCTORY REMARKS

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties. It is clear to me that you have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

Now it is time for me to instruct you as to the law that governs the case. There are three parts to these instructions. First, I am going to give you some general instructions about your role, and about how you are to go about deciding the facts of the case. These instructions really would apply to just about any trial. Second, I will give you some specific instructions about the legal rules that apply to this particular case. Third, I will give you some final instructions about procedures you will follow in discussing the case and reaching a verdict.

Listening to these instructions may not be easy. It is important, however, that you listen carefully and concentrate. I ask you for patience, cooperation, and attention. You will notice that I am reading these instructions from a prepared text. It would be livelier, no doubt, if I just improvised. But it's important that I not do that. The law is made up of words, and those words are very carefully chosen. So, when I tell you the law, it's critical that I use exactly the right words.

Because my instructions cover many points, I have given each of you a copy of my instructions to follow along. In addition, you may take your copy of the instructions with you for reference during your deliberations. You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. Please listen carefully and concentrate on what I am saying.

## GENERAL INTRODUCTORY CHARGES

### INSTRUCTION NO. 1 Role of the Court

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them. With respect to legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or ought to be.

### INSTRUCTION NO. 2 Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass judgment upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts. Any opinion I might have regarding the facts is of absolutely no consequence.

### INSTRUCTION NO. 3 Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. It is my job to rule on those objections. Therefore, why an objection was made or why I ruled on it the way I did is not your concern. You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an

objection.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

From time to time, the lawyers and I had conferences out of your hearing referred to as side-bars. These conferences involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

**INSTRUCTION NO. 4 Sympathy or Bias**

Under your oath as jurors you are not to be swayed by sympathy or prejudice. You are to be guided solely by the evidence in this case, and the crucial, bottom-line question that you must ask yourselves as you sift through the evidence is: Has the Government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence presented in court and subject to the law as I explain it to you. It must be clear to you that once you let fear or prejudice, or bias or sympathy—whether explicit or implicit—interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal for the defendant. But on the other hand, if you find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty for the defendant.

In determining whether the Government has proven the charges beyond a reasonable doubt,

you should not consider the question of possible punishment, in the event you are to find the defendant guilty as charged. It is not your concern and you should not give any consideration to that issue in determining what your verdict will be. Therefore, I instruct you not to consider punishment or possible punishment at all in your deliberations concerning whether the Government has proved the charges beyond a reasonable doubt. Similarly, it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

## INSTRUCTION NO. 5 All Persons Equal Before the Law

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give it no less deference. The Government and the defendant stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex, age, or political views. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, sex, age or political views of any witness or anyone else involved in this case. All persons are entitled to the same presumption of innocence, and the Government has the same burden of proof with respect to all persons. Your verdict must be based solely on the evidence or the lack of evidence.

## INSTRUCTION NO. 6 What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence. The

evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence. However, testimony that I have stricken or excluded is not evidence and may not be considered by you in rendering your verdict.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

As I told you at the start of this case, statements and arguments by lawyers are not evidence, because the lawyers are not witnesses. Similarly, demonstratives used by the lawyers during their summations are not evidence. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions as evidence. It is the witnesses' answers that are evidence, not the questions.

Finally, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**INSTRUCTION NO. 7 Direct and Circumstantial Evidence**

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, or heard. For example, if a witness testified that when she left her house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain

facts. For example, assume that when you came into the courthouse this morning the sun was shining, and it was a nice day. Assume that the courtroom blinds were drawn, and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven. Many material facts—such as what a person was thinking or intending—can rarely be proved by direct evidence.

Circumstantial evidence is as valuable as direct evidence. The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of a defendant's guilt beyond a reasonable doubt, based on all the evidence in the case, circumstantial and direct.

There are times when different inferences may be drawn from the evidence. The Government asks you to draw one set of inferences. The defendant asks you to draw another. It is for you, and for you alone, to decide what inferences you will draw.

**INSTRUCTION NO. 8 Judicial Notice**

I have taken judicial notice of certain facts. The next Tuesday after March 16, 2019 was March 19, 2019. I believe this fact can be so accurately and readily determined from a calendar

that it cannot reasonably be disputed. Further, 00:24 (UTC) on Friday, May 8, 2020, is the same moment in time as 5:24 p.m. Pacific Daylight Time in Los Angeles, California on Thursday, May 7, 2020, and 00:29 (UTC) on Friday, May 8, 2020, is the same moment in time as 5:29 p.m. Pacific Daylight Time in Los Angeles, California on Thursday, May 7, 2020. I believe these facts can be so accurately and readily determined from a time zone table that they cannot reasonably be disputed. You may accept these facts as proven, but are not required to do so. As with any fact the final decision whether or not to accept it is for you to make and you are not required to agree with me.

**INSTRUCTION NO. 9 Good Faith**

Good faith is a complete defense to the charges in this case. False representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. A statement made with good faith belief in its accuracy does not amount to a false statement and is not a crime. This is so even if the statement is, in fact, erroneous. If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime. The burden of establishing lack of good faith and criminal intent rests on the government. A defendant is under no burden to prove his good faith; rather, the government must prove bad faith or knowledge of falsity beyond a reasonable doubt.

However, in considering whether or not a defendant acted in good faith, you are instructed that an honest belief on the part of the defendant, if such a belief existed, that ultimately everything would work out to the benefit of the alleged victims does not necessarily mean that the defendant acted in good faith. If the defendant knowingly and willfully participated in a scheme to defraud with the intent to deceive the victim in question for the purpose of depriving the victim of money or property, which are concepts I will explain later,

even if only for a period of time, then no amount of honest belief on the part of the defendant that the victim ultimately would be benefitted will excuse false representations that a defendant knowingly and willfully made or caused to be made.

A venture commenced in good faith may become fraudulent if it is continued after a fraudulent intent has been formed. Therefore, good faith is no defense when the defendant first made representations in good faith but later, during the time charged in the Indictment, the defendant realized that the representations were false and nevertheless deliberately continued to make them.

**INSTRUCTION NO. 10 Evidence Not Admitted for the Truth**

During this trial, you have heard that certain evidence was admitted for a limited purpose—namely, not as evidence of the truth of the matters asserted in that evidence. This means that you cannot use the statements contained in that evidence as proof of the facts asserted in that evidence. You may only consider those exhibits and statements for the purpose for which this evidence was admitted, for example, but not limited to, bias, motive, state of mind or knowledge of another person. The following is a list of such exhibits and the purposes for which the documents were admitted: GX 312F; GX 701H; GX 702U; GX 3314; DX 274; DX 1210; DX 2505; DX 3002; DX 3008; DX 3011; DX 3012; DX 3014; DX 3016; DX 3017; DX 3018; DX 3019; DX 3020; DX 3021; DX 3022; DX 3023; DX 3024; DX 3025; DX 3026; DX 3028; DX 3029; DX 3031; DX 3032; DX 3033; DX 3034; DX 3035; DX 3036; DX 3037; DX 3038; DX 3039; DX 3040; DX 3042; DX 3043; DX 3044; DX 3046; DX 3047; DX 3048; DX 3054; DX 3055; DX 3073; DX 3110-1616; DX 1115; DX 3081; DX 3082; DX 3083; DX 3084; DX 3053.

**INSTRUCTION NO. 11 Other Acts Evidence**

Now, you have also heard evidence of other acts that are not charged in this Indictment. The defendant is not on trial for committing those acts. Accordingly, you may not consider the

evidence of other uncharged bad acts as a substitute for proof that the defendant committed the crimes with which he is charged here. Nor may you consider that evidence as proof that the defendant has a criminal personality or bad character. The evidence was admitted for limited purposes, and you may consider it for those purposes alone.

**INSTRUCTION NO. 12 Morgan Stanley Policies and Training Materials.**

You have seen and heard evidence about certain Morgan Stanley internal policies, including policies regarding the disclosure of outside business activities and private investments. A violation of Morgan Stanley's internal policies, standing alone, does not constitute a crime, and the defendant is not charged with violating Morgan Stanley's internal policies. You may, however, consider this evidence as you evaluate the defendant's state of mind and intent with regard to the charges in this case.

You have also seen and heard evidence that Morgan Stanley's internal training documents explained concepts related to fiduciaries and fiduciary responsibilities. It is my role as the Judge to instruct you on the meaning of legal concepts such as these in these instructions. You should not take the explanations of these terms in the Morgan Stanley training documents as statements of the law. They are being introduced solely for the purpose of showing the defendant's knowledge of the concepts in the training materials, which may also be relevant to the defendant's state of mind and intent.

**INSTRUCTION NO. 13 FINRA Rules and Examinations**

You have seen and heard evidence about rules and guidance of the Financial Industry Regulatory Authority, known as FINRA, that guide investment advisers and other financial industry participants. A violation of FINRA rules or guidance, standing alone, does not constitute a crime, and the defendant is not charged with violating FINRA rules. You may, however, consider this evidence as it relates to the defendant's state of mind and intent with

regard to the charges in this case.

You have also seen and heard evidence that FINRA's licensing examination materials explained concepts related to fiduciaries and fiduciary responsibilities. It is my role as the Judge to instruct you on the meaning of legal concepts such as these in these instructions. You should not take the explanations of these terms in the licensing examination materials as statements of the law. They are being introduced solely for the purpose of showing the defendant's knowledge of the concepts in the training materials, which may also be relevant to the defendant's state of mind and intent.

**INSTRUCTION NO. 14 Morgan Stanley Investigation**

You have seen and heard evidence about an internal investigation conducted by Morgan Stanley related to activities of Darryl Cohen and the Cohen Group. I have allowed evidence regarding the internal investigation to provide context to other evidence and with regard to the Defendant's state of mind. A violation of Morgan Stanley's employment policies does not constitute a crime, and the defendant is not charged with violating Morgan Stanley's policies. You may, however, consider the fact of Morgan Stanley's internal investigation as you evaluate the evidence in this case and consider the Defendant's state of mind at the time.

**INSTRUCTION NO. 15 Tax Evidence**

You have seen and heard evidence that the Government argues demonstrates that the defendant did not report funds, commissions, or fees he received from the sale of viatical life settlements as income on his taxes. The defendant is not charged with tax evasion or any crime related to the failure to pay taxes. You may, however, consider this evidence as it relates to the defendant's state of mind and intent with regard to the charges in this case.

**INSTRUCTION NO. 16 Burden of Proof and Presumption of Innocence**

Now, I will instruct you on the presumption of innocence and the Government's burden of

proof in this case. Mr. Cohen has pleaded not guilty. By doing so, he denies the charges in the Indictment. Thus, the Government has the burden of proving the charges against him beyond a reasonable doubt. It is for you, the jury, to decide if the prosecution has met that burden. If the Government fails, your verdict must be not guilty.

This burden of proof never shifts to Mr. Cohen. A defendant does not have to prove his or her innocence. On the contrary, he or she is presumed to be innocent of the charges contained in the Indictment. This presumption of innocence was in the defendant's favor at the start of the trial, continued in his favor throughout the entire trial, is in his favor even as I instruct you now, and continues in his favor during the course of your deliberations in the jury room. It is removed if and only if you, as members of the jury, are satisfied that the Government has sustained its burden of proving the defendant's guilt beyond a reasonable doubt.

**INSTRUCTION NO. 17 Reasonable Doubt**

The question that naturally comes up is, what is a reasonable doubt? The words almost define themselves. It is a doubt, founded in reason and arising out of the evidence in the case, or lack of evidence. It is a doubt that a reasonable person would have after carefully weighing all of the evidence.

Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, your common sense. It is not caprice, whim, or speculation. It is not sympathy for the defendant or any witness or any party in the case. It is not an excuse to avoid an unpleasant duty.

If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied of the defendant's guilt as to any charge, that you do not have an abiding conviction of the defendant's guilt as to that charge, in sum, if you have such a doubt as would cause you as a prudent person to hesitate before acting in matters of importance to yourself, then you have a reasonable doubt. In that circumstance, it is your duty to find the defendant not

guilty of that charge.

If, on the other hand, after fair and impartial consideration of all the evidence, you can candidly and honestly say that you are satisfied of the defendant's guilt as to any crime charged in this case, that you do have an abiding belief of the defendant's guilt as to that charge, (in other words, a belief that you would be willing to act upon without hesitation in important matters in the personal affairs of your own life), then you have no reasonable doubt, and under such circumstances, it is your duty to convict the defendant.

One final word on the subject: reasonable doubt does not mean beyond all possible doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact which by its nature is not susceptible to mathematical certainty. In a criminal case, the law is that it is sufficient that the defendant's guilt is established beyond a reasonable doubt, not beyond all possible doubt.

**INSTRUCTION NO. 18 Credibility of Witnesses**

You have had the opportunity to observe the witnesses. It is your job to decide how believable each witness was in his or her testimony. You are the sole determiners of the credibility of each witness and of the importance of witness testimony.

How do you evaluate the credibility or believability of the witnesses? The answer is that you use your common sense, judgment, and experience.

You watched the witnesses testify. You should ask yourselves, did the witness impress you as honest, open, and candid? Or did the witness appear evasive, as though the witness was trying to hide something?

If you find that a witness is intentionally telling a falsehood that is always a matter of importance that you should weigh carefully. If you find that any witness has lied under oath at

this trial, you should view the testimony of such a witness cautiously and weigh it with great care. You may reject the entirety of the witness testimony, part of it or none of it. It is for you to decide how much of any witness's testimony, if any, you wish to credit. A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects. It is for you to determine whether such untruths or inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness. In evaluating the credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case or had some other motive to testify falsely. An interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interest. If you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care. This is not to suggest that any witness who has an interest in the outcome of a case would testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

You are not required to accept testimony even though the testimony is not contradicted and the witness's testimony is not challenged. You may decide because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to satisfy yourselves that the testimony is not worthy of belief. On the other hand, you may find, because of a witness's bearing and demeanor and based upon your consideration of all the other evidence in the case, that the witness is truthful.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether in such a situation the witness' testimony

reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail. It is not the number of witnesses called in a case but rather their credibility when called to the witness stand that is directly at issue.

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side. The burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

There is no magic formula by which you can evaluate testimony. You bring to this courtroom all your experience and common sense. You determine for yourselves in many circumstances the reliability of statements that are made by others to you and upon which you are asked to rely and act. You may use the same tests here that you use in your everyday lives.

You have also heard evidence that a witness made a statement on an earlier occasion that counsel argues is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted

himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe. In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense. It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

**INSTRUCTION NO. 19 Uncalled Witnesses Equally Available to Both Sides**

There are people whose names you have heard during the course of trial, but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden of proof remains at all times with the Government.

**INSTRUCTION NO. 20 Law Enforcement and Government Witnesses**

You have heard the testimony of law enforcement witnesses and other Government employees. The fact that a witness may be employed by the Federal Government does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of other witnesses. As with all witnesses, it is up to you to decide, after reviewing all the

evidence, what weight to give the testimony of law enforcement and federal employee witnesses.

**INSTRUCTION NO. 21 Defendant's Right Not to Testify**

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because the defendant did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

**INSTRUCTION NO. 22 Other Individuals Not on Trial**

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

**INSTRUCTION NO. 23 Preparation of Witnesses**

You have heard evidence during the trial that some witnesses have discussed the facts of the case and their testimony with lawyers before the witnesses appeared in court. Although you may consider that fact when you evaluate a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such

consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation. Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

**INSTRUCTION NO. 24 Particular Investigative Techniques Not Required**

There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why the Government used the techniques it did or why it did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

**INSTRUCTION NO. 25 Stipulations**

You have heard some stipulations in this case. Generally speaking, there are two kinds.

A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true, but it is still for you to determine the weight to be given to that fact.

A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the weight to be given to that testimony.

**INSTRUCTION NO. 26 Inferences**

During the trial you have heard the attorneys use the term "inference" or "infer." In their arguments they have asked you to infer, on the basis of your reason, experience, and common

sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a logical, factual conclusion that you might reasonably view from other facts that have been proven. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

There are occasions when particular established facts, whether proved circumstantially or directly, might yield an inference in one direction or in the opposite direction. The Government might ask you to draw one inference. A defendant may say, well, the same facts point in the opposite direction, so you should draw the opposite inference. However, you are the ones who make up your mind about what, if any, inferences to draw, nobody else; not me, not the lawyers.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict him.

**INSTRUCTION NO. 27 All Available Evidence Need Not Be Introduced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial. Nor does the law require any party to produce as exhibits all relevant papers and things available to either party during the course of the trial.

**INSTRUCTION NO. 28 Non-Prosecution Agreements**

You have heard testimony from witnesses who had entered into agreements with the Government. It is no concern of yours why the Government made an agreement with a particular witness. You may, however, consider the effects, if any, that the existence or terms of

any such agreement have on the witness's credibility. A witness who hopes to obtain leniency may have a motive to testify as he or she believes the Government wishes, or he may feel that it is in his or her interest to incriminate others. As with any witness, your responsibility is to determine whether any such motive or intent has influenced the witness's testimony and whether the witness has told the truth, in whole or in part.

You have heard testimony from two witnesses who testified in exchange for a promise by the Government not to charge them with a crime. This type of agreement is known as a "non-prosecution agreement." I instruct you that there is nothing improper in the Government's use of such agreements. They are a common and important law-enforcement tool. However, in evaluating the testimony of a witness with a non-prosecution agreement, you should examine it with greater scrutiny than you would the testimony of an ordinary witness. You should consider what benefits or promises she received from the Government that would motivate her to testify falsely. For example, she may believe that she will continue to receive these benefits only if she produces evidence of criminal conduct. Further, you should take nothing from the fact that these agreements were offered into evidence by the defendant and not the Government. I instruct you that the Government was not permitted to offer the non-prosecution agreements into evidence during the direct testimony of these witnesses and that the defense was allowed to offer them during cross-examination as it did, and that neither party has acted improperly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. If you find that a witness has been untruthful in some respect, you may, but are not required to, reject the witness's testimony in its entirety. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts. How much

of a witness's testimony to accept, if any, is a determination entirely for you, the jury.

**INSTRUCTION NO. 29 Redactions**

There are, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted. The one exception to this rule is that the Court instructed you on February 19, 2026, that the redacted fourth text message in a series of text messages marked GX 3211G did not contain an answer responding to the third text message in that exhibit.

**INSTRUCTION NO. 30 Use of Charts and Summaries**

There is evidence before you in the form of charts and summaries. Those exhibits purport to summarize the underlying evidence that was used to prepare them. I admitted these charts and summaries into evidence in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. They are no better than the documents upon which they are based. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. It is for you to decide whether they correctly present the information contained in the testimony and in the exhibits on which they were based.

## SUBSTANTIVE CHARGES

### INSTRUCTION NO. 31 The Indictment

The defendant, who I may refer to by name as Darryl Cohen, or as "defendant," has been charged in what is called an Indictment. An Indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of the defendant's guilt. It creates no presumption, and it permits no inference that the defendant is guilty. You are to give no weight to the fact that an Indictment has been returned against the defendant.

I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each charged offense.

### INSTRUCTION NO. 32 Summary of Indictment

The Indictment charges the Defendant in three counts. Each count accuses the defendant of committing a different crime, and I will discuss each count in turn. You must, as a matter of law, consider each count in which the Defendant is charged, and you must return a separate verdict for each count in which the Defendant is charged.

Count One of the Indictment charges that, from in or about 2017 through in or about 2020, in the Southern District of New York and elsewhere, the defendant conspired and agreed with other people to commit wire fraud by taking advantage of the advisory relationships he had with Jrue Holiday, Chandler Parsons, and Courtney Lee, to engage in a scheme to defraud them of over $5 million.

Count Two of the Indictment charges that, from in or about 2017 through in or about 2020, in the Southern District of New York and elsewhere, the defendant committed wire fraud, by taking advantage of the advisory relationships he had with Holiday, Parsons, and Lee to engage in a

scheme to defraud them of over $5 million.

Count Three of the Indictment charges that, from in or about 2017 through in or about 2020, in the Southern District of New York and elsewhere, the defendant committed investment advisor fraud by, in violation of his fiduciary duties, engaging in a scheme to defraud Holiday, Parsons, and Lee of over $5 million by taking advantage of his advisory relationships with those clients.

Each count is based on the same conduct: (i) that the Defendant fraudulently induced Holiday, Parsons, and Lee into purchasing viatical life insurance policies at massive markups from which the Defendant secretly profited; (ii) that the Defendant fraudulently diverted approximately $500,000 from the accounts of Parsons and Lee in purported donations to Beast Basketball, without the knowledge of Parsons and Lee, a large portion of which was used to build athletic training facilities in the Defendant's backyard; and (iii) that the Defendant misappropriated funds from Parsons and used those funds to repay Nyjer Morgan, who was threatening to sue the Defendant as a result of issues arising from Morgan's past investments.

**INSTRUCTION NO. 33 Multiple Counts**

First, as I mentioned, the Indictment contains three counts. Each count charges the defendant with a different crime. You must, as a matter of law, consider each count of the Indictment separately, and you must return a separate verdict of guilty or not guilty for each count in which the defendant is charged. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged, unless you are instructed otherwise.

**INSTRUCTION NO. 34 Variance in Dates**

As I have described the Indictment, you may have noticed that it refers to various dates or times. It does not matter if the evidence you heard at trial indicates that a particular act occurred

on a different date, and it is not essential that the Government prove that the charged offenses started and ended on any specific dates. The law requires only a substantial similarity between the dates alleged in the indictment and the dates established by the evidence.

**INSTRUCTION NO. 35 Conspiracy and Substantive Counts**

As I have told you, Count One of the Indictment charges the defendant with a crime of conspiracy to commit wire fraud. Count Two charges what we call the substantive crime of wire fraud. Count Three also charges a substantive crime, investment advisor fraud.

A conspiracy count is different from a substantive count. A conspiracy charge, generally speaking, alleges that two or more persons agreed together to accomplish an unlawful objective. The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement. A substantive count, on the other hand, charges a defendant with responsibility for the actual commission of an offense. A substantive offense therefore may be committed by a single person, and it need not involve any agreement with anyone else.

A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime, the commission of which may be an object of the conspiracy. And since the essence of the crime of conspiracy is an agreement or understanding to commit a crime, it does not matter if the crime, the commission of which was an objective of the conspiracy, ever was committed or accomplished. In other words, if a conspiracy exists and certain other requirements are met, it is punishable as a crime even if its purpose is not accomplished. Consequently, in a conspiracy charge there is no need to prove that the crime or crimes that were the objective or objectives of the conspiracy actually were committed or accomplished.

By contrast, conviction on a substantive count requires proof that the crime charged actually was committed but does not require proof of an agreement.

For the sake of convenience, in organizing my instructions to you, I am going to instruct

you first with respect to Count Two, the substantive wire fraud charge. Then I will instruct you on the investment advisor fraud charge. Finally, I will instruct you on the wire fraud conspiracy charge.

**INSTRUCTION NO. 36 Count Two: Wire Fraud—Elements**

Count Two charges the defendant with wire fraud.

To sustain its burden of proof with respect to the offense charged in Count Two, the Government must prove beyond a doubt the following three elements:

First, that there was a scheme or artifice to defraud or to obtain or retain money or property by materially false and fraudulent pretenses, representations, or promises.

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

Third, that in execution of that scheme, the defendant used or caused the use of interstate wires.

I will discuss each in turn.

**INSTRUCTION NO. 37 Count Two: Wire Fraud—First Element**

The first element the Government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud the victims of money or property by false or fraudulent pretenses, representations, or promises.

A scheme or artifice to defraud is a plan, device, or course of action to obtain or retain money or property by means of false or fraudulent statements, representations, promises, or pretenses.

A statement, representation, claim, or document, is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A statement may also be false if it contains half-truths, conceals material facts, or is ambiguous or incomplete in a manner

that makes what is said, or represented, misleading or deceptive. The deception need not be based upon spoken or written words alone. The arrangement of the words, the circumstances in which they are used, or the defendant's conduct may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter.

Statements, representations, promises, or pretenses are fraudulent if they were made falsely and with intent to deceive.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

The false or fraudulent statement, representation, promise, or pretense must relate to a material fact or matter. A material fact is one that would be expected to influence, or that is capable of influencing, the decision of a reasonable person.

The failure to disclose information may also constitute a fraudulent representation if (i) the defendant was under a legal, professional, contractual, or fiduciary duty to make such a disclosure, (ii) the defendant actually knew such disclosure was required to be made, and (iii) the defendant failed to make such disclosure with the intent to defraud.

One way in which a duty to disclose material facts exists is when a person owes a "fiduciary" relationship to another. Broadly speaking, a "fiduciary" relationship arises when one person — the client — places special trust and confidence in another person — the fiduciary — in reliance that the fiduciary will exercise his or her discretion and expertise in the interests of the client, and the fiduciary knowingly accepts that special trust and confidence. At the heart of the fiduciary relationship lies reliance and de facto control and dominance. Examples of a fiduciary include (but are not limited to) an executor or administrator of an estate; an attorney with respect to the affairs of his client; a guardian of an infant or incompetent person with respect to his ward;

and the officers and directors of a corporation with respect to the stockholders of the corporation.

A fiduciary relationship exists when confidence is reposed on one side and there is resulting superiority and influence on the other. One acts in a fiduciary capacity when the business that he or she transacts or the money or property that he or she handles is not his or her own or for his or her own benefit but for the benefit of another person, as to whom he or she stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part. However, when parties deal at arms' length in a commercial transaction, there is no relationship of confidence or trust sufficient to find the existence of a fiduciary relationship. It is for you, the jury, to determine whether the facts support the existence of a fiduciary relationship between the defendant and his client.

If you find that a fiduciary relationship existed, you should next consider whether there was a breach of the duties incumbent upon the fiduciary in the fiduciary relationship. A fiduciary owes a duty of honest services to his or her clients, including a duty to disclose all material facts concerning the transaction entrusted to him or her. The concealment by a fiduciary of material information that he or she is under a duty to disclose to another, when the fiduciary knows he or she has such a duty to disclose, is a breach of fiduciary duty and can be fraudulent if the Government has proved beyond a reasonable doubt the other elements of the offense as I explain them to you.

Importantly, however, a breach of fiduciary duty does not alone constitute fraud for the purposes of this element. It must be accompanied by deception, misrepresentation, or nondisclosure with an intent to defraud.

A scheme to defraud can include fraudulent embezzlement and misappropriation of property belonging to another. Embezzlement or misappropriation occurs when a defendant is

entrusted with handling money for another person not for the defendant's benefit, but for the benefit of the other person, and the defendant fraudulently appropriates that money for his or her own use. Money or property is entrusted to a defendant's care when the business that the defendant transacted or the money or property that the defendant handled was not the defendant's own or for the defendant's own benefit, but for the benefit of another person, as to whom the defendant stood in a relation that gave the defendant de facto control and dominance over the other person's money.

In addition to proving that a statement or conduct was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated wrongly depriving another of money or property. Obtaining money or property means gaining or attaining possession or use of it, whether permanently or temporarily. Money or property may be obtained even when something else is simultaneously given in return.

As noted above, to convict on the wire fraud charge, the Government must prove beyond a reasonable doubt that the false or fraudulent statements or representations were material and that the defendant acted with fraudulent intent.

It is not necessary for the government to prove that a false or fraudulent representation or statement was made prior to a person's decision to part with money or property. Rather, if after having obtained money or property, the defendant devised or participated in a fraudulent scheme to deprive the alleged victim of that money or property by keeping the money or property through making a subsequent false or fraudulent representation as to a material fact, that is sufficient to establish the existence of a scheme to defraud.

It is not necessary that the defendant profited from the fraud or realized any gain. The scheme to defraud may be to obtain money or property for the benefit of a favored third party. It is not necessary for the Government to prove that the scheme to defraud actually succeeded, that

any particular person actually relied upon a statement or representation, or that any victim actually suffered damages as a consequence of any false or fraudulent representations, promises, or pretenses. Nor do you need to find that the defendant profited from the fraud or realized any gain. You must concentrate on whether there was such a scheme, not the consequences of the scheme, although proof concerning accomplishment of the goals of the scheme may be persuasive evidence of the existence of the scheme itself. In determining whether a scheme to defraud existed, it is irrelevant whether a victim might have discovered the fraud if he, she, or it had looked more closely or probed more extensively. A victim's negligence or gullibility in failing to discover a fraudulent scheme is not a defense to wire fraud.

A scheme to defraud need not be shown by direct evidence but may be established by all of the circumstances and facts in the case.

If you find the Government has sustained its burden of proof that the scheme to defraud charged in the indictment did exist, you should next consider the second element.

**INSTRUCTION NO. 38 Count Two: Wire Fraud—Second Element**

The second element that the Government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully, and with specific intent to defraud.

To "devise" a scheme to defraud means to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with an intent to help it succeed. To act "knowingly" means to act intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

It is not necessary that the defendant originated the scheme to defraud. It is sufficient if

you find that a scheme to defraud existed, even if someone else originated it, and that the defendant, while aware of the scheme's existence, knowingly and willfully participated in it with intent to defraud.

To prove that the defendant acted with specific intent to defraud, the Government must prove that he acted with intent to deceive for the purpose of depriving the relevant victim of money or property. The Government need not prove that the victim actually was harmed, only that the defendant contemplated some actual harm or injury to the victim in question. In addition, the Government need not prove that the intent to defraud was the only intent of the defendant.

Nor is it required that the defendant participated in or had knowledge of all of the operations of the scheme. The responsibility of the defendant is not governed by the extent of his participation. Even if the defendant participated in the scheme to a degree less than others, he nevertheless is equally guilty as long as the defendant knowingly participated in the scheme to defraud with knowledge of its general scope and purpose and with specific intent to defraud.

A defendant may have the requisite intent to defraud even if the defendant was motivated by other lawful purposes as well.

Direct proof of knowledge, willfulness, and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past, he committed an act with fraudulent intent. Such direct proof is not required. Instead, the ultimate facts of knowledge, willfulness, and intent, though subjective, may be established by circumstantial evidence, based upon a person's words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them. You may also infer, but are not required to infer, that people intend the natural and

probable consequences of their actions. Accordingly, when the necessary result of a scheme is to injure others, fraudulent intent may be inferred from the scheme itself. As I instructed you earlier, circumstantial evidence, if believed, is of no less value than direct evidence.

You must review and put together all the circumstances in deciding whether the Government has established beyond a reasonable doubt that the defendant devised or participated in a scheme to defraud knowingly, willfully and with the intent to defraud. I remind you that my instruction as to good faith applies here.

**INSTRUCTION NO. 39 Count Two: Wire Fraud—Third Element**

The third and final element that the Government must establish beyond a reasonable doubt is that one or more interstate or foreign wires were used in furtherance of the scheme to defraud. An "interstate wire" means a wire that passes between two or more states. A "foreign" wire means a wire that travels internationally. Examples of wires include telephone calls and messages, communications over the internet, commercials on television, and financial wires between bank accounts.

A wire communication need not itself be fraudulent. Indeed, it may be completely innocent, as long as it was made in furtherance of the fraudulent scheme. To be in furtherance of the scheme, the wire communication must further or assist in some way in carrying out the scheme to defraud. A wire communication can also include a communication made after a victim's funds were obtained if the communication was designed to lull the victim into a false sense of security, to postpone his or her complaint to the authorities, or to keep the money obtained from the scheme.

It is not necessary for the defendant to have been directly or personally involved in a wire communication, as long as the wire was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it is sufficient

to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. The wire communication requirement can be satisfied even if the wire communication was done by the person being defrauded or some other innocent party. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires reasonably can be foreseen, even though not actually intended, then he causes the wires to be used. Thus, there is no requirement that the defendant specifically authorize others to make a communication by wire.

Finally, if you find that a wire communication was reasonably foreseeable and that the interstate or foreign wire communication charged in the indictment took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state lines.

**INSTRUCTION NO. 40 Aiding and Abetting**

Now, in addition to charging the defendant with substantive wire fraud, Count Two also charges the defendant with what is called aiding and abetting, under Title 18, United States Code, Section 2.

Aiding and abetting a crime is one manner of committing that crime. A defendant can be convicted of committing a crime if he helps someone else to commit the crime. For example, if the Government proves beyond a reasonable doubt that a defendant committed the substantive wire fraud alleged in Count Two, then you need not consider aiding and abetting with respect to that count. If, however, you find that the Government did not prove beyond a reasonable doubt that that defendant engaged in the wire fraud charged in Count Two, to continue using that count as an example, you should consider whether the Government has nonetheless proved beyond a reasonable doubt that that defendant aided and abetted someone else in the commission of wire fraud as alleged in that count.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands,

induces or procures" the commission of an offense is punishable as a principal. A person who aids and abets another to commit a substantive crime is just as guilty of that crime as if he had personally committed it. You may thus find a defendant guilty if you find beyond a reasonable doubt that the Government has proven that someone committed the substantive offense, and that the defendant helped or assisted that person in the commission of the offense.

The first requirement of aiding and abetting liability is that somebody else has committed the crime at issue. The defendant cannot be convicted of aiding and abetting if nobody committed the underlying crime. But if you do find that the underlying crime at issue was committed by someone other than the defendant, you should consider whether that defendant aided or abetted the person who actually committed the crime.

To aid and abet another to commit a crime, the defendant must have willfully and knowingly associated himself in some way with the crime, and he or she must have willfully and knowingly sought by some act to help make the crime succeed. In the aiding and abetting context, participation in a crime is willful if action is taken voluntarily and intentionally.

The mere presence of the defendant in a place where a crime is being committed, even coupled with knowledge that a crime is being committed, is not enough to make him an aider and abettor. A defendant's acquiescence in the criminal conduct of others, even with guilty knowledge, is not enough to establish aiding and abetting. An aider and abettor must have his or her own affirmative interest in the criminal venture.

To determine whether the defendant aided and abetted the commission of the crime, ask yourself these questions:

Did someone other than the defendant commit the crime at issue? If no, please go on to

the next count.

Did the defendant participate in the crime charged as something that he or she wished to bring about?

Did he or she associate himself with the attempt to commit the crime by other people knowingly and willfully?

Did he or she seek by his or her actions to make their criminal venture succeed?

If so, the defendant is an aider and abettor, and therefore he or she is guilty of the offense under consideration. If not, then that defendant is not an aider and abettor, and he or she is not guilty as an aider and abettor of the offense under consideration.

**INSTRUCTION NO. 41 Willful Causation**

The other way in which the Government can prove a defendant's guilt under 18 U.S.C. § 2 on Count Two is through a finding beyond a reasonable doubt that the defendant willfully caused a crime. Section 2(b) of the aiding and abetting statute, which relates to willfully causing a crime, reads as follows:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [shall be guilty of a federal crime].

What does the term "willfully caused" mean? It does not mean that the defendant needs to have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment. Rather, anyone who causes the doing of an act which if done by him directly would render him guilty of an offense against the United States is guilty as a principal.

For example, one who intentionally causes another person to make a material false statement in connection with depriving a victim of money or property is guilty as a principal if the Government proves that the person who causes the making of that false statement acted knowingly, willfully, and with the specific intent to defraud the victim in question, and satisfies the other

elements of the substantive wire fraud and investment advisor fraud counts that I have described to you. This is so even if the individual who was caused to make that false statement had no criminal intent.

**INSTRUCTION NO. 42 Count Three: Investment Advisor Fraud—Elements**

Count Three charges the defendant with committing the substantive offense of investment advisor fraud from in or about 2017 through in or about 2020.

To sustain its burden of proof with respect to the offense charged in Count Three, the Government must prove beyond a doubt the following elements:

First, that the defendant was an investment adviser.

Second, that the defendant did any one or more of the following: (a) employed a device, scheme, or artifice to defraud an actual or prospective investor advisory client; (b) engaged in a transaction, practice, or course of business which operated as a fraud and deceit upon those investment advisory clients or prospective investment advisory clients; or (c) engaged in an act, practice, and course of business that was fraudulent or deceptive.

Third, the defendant did what he did to satisfy the second element knowingly, willfully, and with the intent to defraud an investor advisory client.

Fourth, the defendant did whatever he did to satisfy the second element by use of the mails or an instrumentality of interstate commerce.

**INSTRUCTION NO. 43 Count Three: Investment Advisor Fraud—First Element**

The first element the Government must prove beyond a reasonable doubt with respect to Count Three is that the defendant was an investment adviser at the time he is alleged to have committed investment advisor fraud. An investment adviser means "any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing or

selling securities, or who, for compensation and as a part of a regular business, issues or promulgates analyses or reports concerning securities." But the definition of investment adviser does not include any broker or dealer whose performance of such services is solely incidental to the conduct of his or her business as a broker or dealer and who receives no special compensation for such services.

To determine whether a defendant was an investment adviser, you should primarily consider three factors:

First, whether that defendant provided advice as to the value of securities or as to the advisability of investing in, purchasing or selling securities or was an adviser that issued written reports or analyses regarding securities;

Second, whether that defendant was in the business of providing such advice; and

Third, whether that defendant was provided compensation for such advice.

Keep in mind that whether a person or entity is an investment adviser is a different issue than whether or not the person or entity was a registered investment adviser. You are instructed that registration with the United States Securities and Exchange Commission as an investment adviser is not required for you to find that a defendant is an investment adviser for purposes of Count Three.

**INSTRUCTION NO. 44 Count Three: Investment Advisor Fraud—Second Element**

The second element the Government must prove beyond a reasonable doubt with respect to Count Three is that the defendant did any one or more of the following: (a) employed a device, scheme, or artifice to defraud an actual or prospective investor-client; (b) engaged in a transaction, practice, or course of business which operated as a fraud and deceit upon those investor-clients or prospective investor-clients; or (c) engaged in an act, practice, and course of business that was fraudulent or deceptive. Any one of these types of alleged fraudulent conduct, if proven by the

Government beyond a reasonable doubt, is sufficient. However, you must be in unanimous agreement as to which type of unlawful conduct, if any, has been proved by the Government.

I instructed you on the meaning of "scheme," and "artifice," with respect to Count Two. You should use those same instructions with respect to Count Three, with the additional instructions I am about to give you.

I previously explained the concept of a "fiduciary duty" and that the failure to disclose material information may constitute a fraud if the defendant had a fiduciary duty to make such a disclosure and knowingly concealed that information. For purposes of Count Three, I instruct you that, as a matter of law, investment advisers have a fiduciary duty to their investment advisory clients. It is up to you, the jury, to determine whether the defendant was an investment adviser. But if you conclude that the defendant acted as an investment adviser, then he had an affirmative duty of good faith, an affirmative duty to make full and fair disclosure of all material facts, and an affirmative obligation to employ reasonable care to avoid misleading his or her clients. I instruct you that a fiduciary owes a duty to disclose all material facts concerning the transactions entrusted to him or her. The knowing and intentional concealment by a fiduciary of material information that he or she has a duty to disclose to another, under circumstances where the non-disclosure can or does result in harm to the other, can be a fraud, if the government has proven beyond a reasonable doubt the other elements of the offense. Because a fiduciary owes a duty to disclose all material facts, vague or partial disclosures omitting material facts are inadequate to satisfy an investment adviser's obligation.

**INSTRUCTION NO. 45 Count Three: Investment Advisor Fraud—Third Element**

The third element the Government must prove beyond a reasonable doubt with respect to Count Three is that the defendant did whatever he or she did to satisfy the second element knowingly, willfully, and with the specific intent to defraud. I have already explained the meaning

of the terms "willfully," "knowingly," and "intent to defraud," and you should apply those instructions here. As with the earlier counts, let me advise you that since an essential element of the crime charged is intent to defraud, it follows that "good faith," as I have defined before, on the part of a defendant is also a complete defense to a charge of investment advisor fraud.

**INSTRUCTION NO. 46 Count Three: Investment Advisor Fraud—Fourth Element**

The fourth element the Government must prove beyond a reasonable doubt with respect to Count Three is that the defendant did whatever he or she did to satisfy the second element by using the mails or an instrumentality of interstate commerce, such as interstate telephone or wire communications. The term "mails" includes the U.S. Mail and Federal Express. Examples of instrumentalities of interstate commerce include telephone calls, emails, or text messages, or the wire transfer of money.

**INSTRUCTION NO. 47 Count One: Conspiracy—Elements**

Earlier in these instructions, I explained to you that a conspiracy to commit a crime is a separate and different offense from the substantive crime which may have been the object of the conspiracy. Now that I have discussed the substantive counts charged in the Indictment, I will discuss the elements of the conspiracy counts.

Count One charges that, from at in or about 2017 through in or about 2020, the defendant conspired and agreed with other people to commit wire fraud.

In order to sustain its burden of proof with respect to the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt each of the following elements as to each count:

First, it must prove the existence of the conspiracy charged in the count of the Indictment;

Second, it must prove that the defendant knowingly and willfully became a member of,

and joined in, the conspiracy.

**INSTRUCTION NO. 48 Count One: Conspiracy—First Element**

The first element that the Government must prove beyond a reasonable doubt is the existence of a conspiracy. A conspiracy is an agreement or an understanding of two or more people to accomplish by concerted action a criminal or unlawful purpose.

To establish a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn compact stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be carried out, or the part to be played by each conspirator. It is sufficient if two or more persons come to a common understanding to violate the law. Since conspiracy, by its very nature, is characterized by secrecy, it is rare that a conspiracy can be proven by direct evidence of that explicit agreement. You may infer the existence of a conspiracy from the circumstances of this case and the conduct of the parties involved.

The saying "actions speak louder than words" may be applicable here. Usually, the only evidence available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators. When taken together and considered as a whole, however, such acts may show a conspiracy or agreement as conclusively as would direct proof. In determining whether the conspiracy charged in Count One actually existed, you may consider all the evidence of the acts, conduct, and statements of the alleged co-conspirators and the reasonable inferences to be drawn therefrom.

As I instructed you earlier, since the essence of the crime of conspiracy is an agreement or understanding to commit a crime, it does not matter if the crime, the commission of which was an objective of the conspiracy, ever was committed. A conspiracy to commit a crime is an entirely separate and different offense from the actual commission of the illegal act that is the object of the

conspiracy. The success or failure of a conspiracy is not material to the question of guilt or innocence of an alleged conspirator.

The conspiracy charged in Count One allegedly had the illegal purpose that the co-conspirators allegedly hoped to accomplish: to commit wire fraud. I explained the elements of wire fraud to you when I instructed you on the substantive wire fraud charged in Count Two of the Indictment. You should apply those instructions when you consider whether the Government has proved beyond a reasonable doubt that the conspiracy charged in Count One existed. However, because Count One charges a conspiracy, the Government does not have to prove that anyone committed the substantive crime of wire fraud. It need prove beyond a reasonable doubt only that there was an agreement or understanding to commit the illegal purposes of wire fraud.

The Indictment charges that the conspiracy charged in Count One lasted from in or about 2017 through in or about 2020. It is not necessary for the Government to prove that the conspiracies lasted throughout the entire period alleged, but only that they existed for some period within that time frame.

In sum, in order to find that the conspiracy charged in Count One existed, the Government must prove beyond a reasonable doubt that there was a mutual understanding, either spoken or unspoken, between two or more people to commit wire fraud for Count One.

**INSTRUCTION NO. 49 Count One: Conspiracy—Second Element**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, you next must determine whether the defendant willfully joined and participated in the conspiracy you are considering with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful objective—that is, the commission of wire fraud for Count One.

The Government must prove beyond a reasonable doubt that the defendant unlawfully,

willfully, knowingly, and with specific intent to defraud entered into the conspiracy. I have already instructed you when discussing the substantive offenses on the meanings of knowingly, willfully, and intent to defraud, and those instructions apply here as well.

The defendant's participation in the conspiracy must be established by evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

Now, science has not yet devised a manner of looking into a person's mind and knowing what the person is thinking. To make that determination, you may look to the evidence of certain acts alleged to have taken place by or with the defendant or in his presence. As I instructed you earlier with respect to determining a defendant's knowledge and intent, you may consider circumstantial evidence based upon the defendant's outward manifestations, his words, his conduct, his acts, and all of the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

To become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have known of all of their activities. In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator.

Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Proof of a financial interest in the outcome or other motive is not essential, but if you find that the defendant had such an interest or other motive, that is a factor you may consider in determining whether the defendant was a member of the conspiracy. The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.

The duration and extent of a defendant's participation has no bearing on the issue of a

defendant's guilt. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play only minor parts in the conspiracy. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy. Moreover, the defendant need not have joined the conspiracy at the outset. He may have joined at any time and, if he joined, still will be held responsible for the acts done before or after he joined.

I want to caution you, however, that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place. Similarly, mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I further instruct you that mere knowledge of or acquiescence without participation in an unlawful plan is also not sufficient. The fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. What is necessary is that the defendant must have participated with knowledge of the unlawful purpose of the conspiracy, in this case, to commit wire fraud for Count One. I remind you that my instruction as to good faith applies here.

In sum, the Government must prove, beyond a reasonable doubt, that the defendant, with an understanding of the unlawful nature of the conspiracy, intentionally engaged, advised, or assisted the conspiracy in order knowingly and willfully to promote its unlawful goal. The defendant thereby becomes a conspirator. A conspiracy, once formed, is presumed to continue

until either its objectives are accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

**INSTRUCTION NO. 50 Coconspirator Statements**

Certain evidence was admitted during trial concerning acts and statements of others because such acts were committed and such statements were made by a person who, the Government claims, was also a co-conspirator of the defendant. The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent of the other conspirators in carrying out the conspiracy. In determining the factual issues before you, you may consider against the defendant any acts or statements made by any of the people you find, under the standards I have already described, to have been co-conspirators, even though such acts or statements were not made in their presence, or were made without their knowledge.

**INSTRUCTION NO. 51 Conscious Avoidance**

As I explained with respect to each count charged in the Indictment, the Government is required to prove that the defendant acted knowingly. In determining whether the defendant has knowledge of a fact, you may consider whether that defendant deliberately closed his eyes to what otherwise would have been obvious. As you all know, if a person is actually aware of a fact, then he knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact. We refer to this concept, this notion of blinding

yourself to what is staring you in the face as "conscious avoidance" or "willful blindness.

Although I told you before that acts done knowingly must be a product of a defendant's conscious intention, not the product of carelessness or negligence, a person cannot willfully blind himself to what is obvious and disregard what is plainly before him. When one consciously avoids learning a fact, the law often treats that person as knowing that fact. An argument of "conscious avoidance," however, is not a substitute for proof. It is simply another fact you may consider in deciding what the defendant knew.

In determining whether the government has proven beyond a reasonable doubt that the defendant had knowledge or acted "knowing" that something was intended or would occur, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law. And a person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he deliberately avoided learning explicitly what was obvious anyway, he did not actually know the incriminating fact.

Accordingly, if you find that the defendant was aware of a high probability of a fact, and that defendant acted with deliberate disregard of the facts, you may find that the defendant knew that fact. However, if you find that the defendant actually believed that the fact was not true, then you may not find that he knew that fact. You must remember also that guilty knowledge may not be established by demonstrating that a defendant was merely negligent, reckless, foolish, or mistaken.

**INSTRUCTION NO. 52 Presence of Counsel**

You have heard evidence that the defendant communicated with attorneys during the time period at issue in this case. You may consider these communications, like all others of the

defendant's as to which evidence is received, as evidence that may bear on the defendant's state of mind and intentions and to give that evidence whatever weight, if any, you deem appropriate considering all the other facts. However, a lawyer's involvement does not, itself, constitute a defense to the charge in this case. The defendant's conduct was not lawful merely because of the involvement of lawyers.

**INSTRUCTION NO. 53 Venue**

In addition to all of the elements that I have described for you, in order to convict the defendant on any count of the Indictment, you must also decide whether any act in furtherance of that crime occurred within the Southern District of New York. This requirement is called "venue." I instruct you that the Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties.

Venue is proven if any act in furtherance of the crime you are considering occurred in any of those counties. As to the venue requirement alone, the Government's burden is to show that venue is proper by a preponderance of the evidence. That is, the Government must show simply that it is more likely than not that venue is proper here. There is no requirement that all aspects of the offense charged take place here in the Southern District of New York. You will determine the satisfaction of the venue requirement separately for each count.

For the conspiracy charge in Count One, it is sufficient to establish venue if any overt act in furtherance of the crime occurred in this District. This includes causing any interstate wire such as an email, phone call, television or internet broadcast, financial transaction, or financial wires between bank accounts, to be transmitted into or out of the District. The wire need not itself be criminal as long as it was transmitted or caused to be transmitted as part of the scheme. The wire need not have been made by the defendant, so long as it was part of the crime that you find he committed.

For the wire fraud charge in Count Two, it is sufficient to establish venue if the defendant caused any interstate wire such as an email, phone call, television or internet broadcast, financial transaction, or financial wires between bank accounts, to be transmitted into or out of the District. The wire need not itself be criminal as long as it was transmitted or caused to be transmitted as part of the scheme. The act need not have been taken by the defendant, so long as the act was part of the crime that you find he committed.

For the investment advisor fraud charge in Count Three, the Government must show that an act or transaction constituting a violation of Count Three occurred in this District.

## CONCLUDING INSTRUCTIONS

### INSTRUCTION NO. 54 Right to See Exhibits and Hear Testimony: Communication with the Court

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you. You are about to go into the jury room and begin your deliberations. I will send most of the exhibits into the jury room with you. However, if during your deliberations you want to see any of the exhibits that were not sent back to the jury room, you may request that you be brought into the courtroom to see or hear those exhibits. If you want any of the testimony read, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony. If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for exhibits or testimony—in fact any communications with the Court—should be made to me in writing, signed by your foreperson, and given to one of the court security officers. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached as to each count.

### INSTRUCTION NO. 55 Notes

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors'

recollections are equal. If you cannot agree on what you remember the testimony was, you can ask to have the transcript read back.

**INSTRUCTION NO. 56 Duty to Deliberate: Unanimous Verdict**

Shortly, you will retire to decide the case. The Government, to prevail, must prove the elements by the required degree of proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, it should be not guilty. To report a verdict, it must be unanimous as to each element you are considering.

I instruct you that you are not to discuss the case unless all jurors are present. Four or five or ten jurors together are only a gathering of individuals. Only when all jurors are present do you constitute a jury, and only then may you deliberate. Therefore, if you take a break for any reason you must stop your deliberations until all twelve jurors are present to deliberate.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence. But you are not to surrender a view of the case that you conscientiously believe, merely because you are outnumbered or because other jurors appear firmly committed to their views. You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case. Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

If you are divided, do not report how the vote stands. Simply state that you are divided. If you have reached a verdict, do not report what it is until you are asked in open court. Simply inform me that you have reached a verdict.

**INSTRUCTION NO. 57 Verdict Form**

I have prepared a verdict form for you to use in recording your decision. Please use that form to report your verdict.

**INSTRUCTION NO. 58 Duty of Foreperson**

Finally, I referred a moment ago to a foreperson. You should by your own vote select one of you to sit as your foreperson. The foreperson does not have any more power or authority than any other juror, and his or her vote or opinion does not count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the court security officer that the jury has reached a verdict, and you will come into open court and provide the verdict form

so that it can be read in open court. When sending out a note, any note should be signed using the foreperson's juror number.

**INSTRUCTION NO. 59 Verdict Form and Return of Verdict**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, each of you will sign it and date it, and advise the court security officer outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court. Once your verdict is announced in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.

## CONCLUDING REMARKS

Members of the jury, that concludes my instructions to you. I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have me give to you or anything I may not have covered in my previous statement.

Before you retire into the jury room, I must inform you that the law provides for a jury of twelve people in this case. Therefore, jurors in seats 13, 14, and 15 are alternates. You are not yet excused as jurors in this case, you will not deliberate with the 12 jurors, and you may leave the courthouse. However, in the event that one of the non-alternate jurors can no longer deliberate, you will be called to continue your service. You have been very attentive and very patient. I am sorry that you will in all likelihood miss the experience of deliberating with the jury, but the law provides for a jury of twelve people in this case. Before the rest of the jury retires to the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start. You have not been formally excused, so my instructions about not discussing the case—even with your fellow alternate jurors—still applies. In other words, please do not discuss the case with one another or anyone else while the non-alternate jurors are deliberating. My staff will contact when your jury service has concluded.

Members of the jury, you may now retire. The court security officer will be sworn before you retire. I ask that the three alternate jurors return to the jury room and retrieve your belongings and then return to the jury box.

***** End of Charge *****