**From:** Broderick NYSD Chambers
**To:** msedlander_mancinishenk.com; Broderick NYSD Chambers; Kevin.Mead@usdoj.gov; Brandon.Thompson@usdoj.gov; mbloch@blochwhite.com; calvarez@blochwhite.com; awise@milchev.com; William.Kinder@usdoj.gov
**Cc:** Leyni Disla
**Subject:** Re: 23-cr-134, U.S. v. Cohen, Jury Instructions
**Date:** Wednesday, February 25, 2026 9:15:06 PM

---

Counsel,

Received. Below for the parties' consideration is the Instruction No. 9 that we propose to include in the request to charge.

Thanks,

***

**Good Faith**

Good faith is a complete defense to the charges in this case. False representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. A statement made with good faith belief in its accuracy does not amount to a false statement and is not a crime. This is so even if the statement is, in fact, erroneous. If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime. The burden of establishing lack of good faith and criminal intent rests on the government. A defendant is under no burden to prove his good faith; rather, the government must prove bad faith or knowledge of falsity beyond a reasonable doubt.

However, in considering whether or not a defendant acted in good faith, you are instructed that an honest belief on the part of the defendant, if such a belief existed, that ultimately everything would work out to the benefit of the alleged victims does not necessarily mean that the defendant acted in good faith. If the defendant knowingly and willfully participated in a scheme to defraud with the intent to deceive the victim in question for the purpose of depriving the victim of money or property, which are concepts I will explain later, even if only for a period of time, then no amount of honest belief on the part of the defendant that the victim ultimately would be benefitted will excuse false representations that a defendant knowingly and willfully made or caused to be made.

A venture commenced in good faith may become fraudulent if it is continued after a fraudulent intent has been formed. Therefore, good faith is no defense when the defendant first made representations in good faith but later, during the time charged in the Indictment, the defendant realized that the representations were false and nevertheless deliberately continued to make them.

---

**From:** Mark Sedlander <msedlander@mancinishenk.com>
**Sent:** Wednesday, February 25, 2026 8:01 PM
**To:** Broderick NYSD Chambers <BroderickNYSDChambers@nysd.uscourts.gov>; Kevin.Mead@usdoj.gov <kevin.mead@usdoj.gov>; Brandon.Thompson@usdoj.gov <brandon.thompson@usdoj.gov>; mbloch@blochwhite.com <mbloch@blochwhite.com>; calvarez@blochwhite.com <calvarez@blochwhite.com>; awise@milchev.com <awise@milchev.com>; William.Kinder@usdoj.gov <william.kinder@usdoj.gov>
**Cc:** Leyni Disla <Leyni_Disla@nysd.uscourts.gov>
**Subject:** Re: 23-cr-134, U.S. v. Cohen, Jury Instructions

**CAUTION - EXTERNAL:**

Dear Judge Broderick,

The defense has just one further comment on the proposed charge, which concerns the good faith defense (Instruction No. 9). In particular, we had understood following yesterday's charge conference that the Court had proposed and the parties had agreed that the instruction in its entirety would be the standalone good faith instruction from Sand plus a sentence from the charges in *Castillero*. *See* Tr. 3885 ("MR. WHITE . . . I just want to understand. We're going to take the Sand model instruction and add the one sentence from *Castillero* . . . THE COURT: Correct. . . . So the plan, as I understand it, is to use Sand and then add the sentence from Castillero."). After we confirmed this approach with the Government, Mr. Wise then circulated that language to the Court during the charge conference via e-mail, which we have attached here. We are also reproducing that language below this e-mail. It does not appear that this change, however, made its way into the current draft. We would request that it be inserted in place of the current language for Instruction No. 9.

---

Good faith is a complete defense to the charges in this case.
False representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent.
A statement made with good faith belief in its accuracy does not amount to a false statement and is not a crime. This is so even if the statement is, in fact, erroneous. If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were

injured by his conduct, there would be no crime.
The burden of establishing lack of good faith and criminal intent rests on the government. A defendant is under no burden to prove his good faith; rather, the government must prove bad faith or knowledge of
falsity beyond a reasonable doubt.

Respectfully submitted,
Mark Sedlander

**Mark Sedlander** | Of Counsel
**MANCINI SHENK LLP**
msedlander@mancinishenk.com
c: (805) 637-7196 | o: (424) 652-4016
1925 Century Park East, Suite 1700
Los Angeles, CA 90067 | LinkedIn

---

**From:** Broderick NYSD Chambers <BroderickNYSDChambers@nysd.uscourts.gov>
**Sent:** Wednesday, February 25, 2026 12:53 PM
**To:** Broderick NYSD Chambers <BroderickNYSDChambers@nysd.uscourts.gov>; Kevin.Mead@usdoj.gov <kevin.mead@usdoj.gov>; Brandon.Thompson@usdoj.gov <brandon.thompson@usdoj.gov>; mbloch@blochwhite.com <mbloch@blochwhite.com>; Mark Sedlander <msedlander@mancinishenk.com>; calvarez@blochwhite.com <calvarez@blochwhite.com>; awise@milchev.com <awise@milchev.com>; William.Kinder@usdoj.gov <william.kinder@usdoj.gov>
**Cc:** Leyni Disla <Leyni_Disla@nysd.uscourts.gov>
**Subject:** RE: 23-cr-134, U.S. v. Cohen, Jury Instructions

Counsel,

Please see the attached. These are the instructions I intend to read tomorrow. Please let me know of any final objections by 8:00 PM EST.

Thanks,

---

**From:** Broderick NYSD Chambers <BroderickNYSDChambers@nysd.uscourts.gov>
**Sent:** Monday, February 23, 2026 8:35 PM
**To:** Broderick NYSD Chambers <BroderickNYSDChambers@nysd.uscourts.gov>; Kevin.Mead@usdoj.gov; Brandon.Thompson@usdoj.gov; mbloch@blochwhite.com; msedlander_mancinishenk.com <msedlander@mancinishenk.com>; calvarez@blochwhite.com; awise@milchev.com; William.Kinder@usdoj.gov
**Cc:** Leyni Disla <Leyni_Disla@nysd.uscourts.gov>
**Subject:** Re: 23-cr-134, U.S. v. Cohen, Jury Instructions

Counsel,

The Court has reviewed the parties' objections to the jury instructions. Please see the attached.

Thanks,

---

**From:** Broderick NYSD Chambers
**Sent:** Thursday, February 19, 2026 8:08 PM
**To:** Kevin.Mead@usdoj.gov <kevin.mead@usdoj.gov>; Brandon.Thompson@usdoj.gov <brandon.thompson@usdoj.gov>; mbloch@blochwhite.com <mbloch@blochwhite.com>; msedlander_mancinishenk.com <msedlander@mancinishenk.com>; calvarez@blochwhite.com <calvarez@blochwhite.com>; awise@milchev.com <awise@milchev.com>; William.Kinder@usdoj.gov <william.kinder@usdoj.gov>
**Cc:** Leyni Disla <Leyni_Disla@nysd.uscourts.gov>
**Subject:** 23-cr-134, U.S. v. Cohen, Jury Instructions

Counsel,

Please see the attached for tomorrow's charge conference. If Mr. Cohen would like not to attend tomorrow, he may opt not to, but he must submit a written and signed waiver of his presence in advance.

Thanks,

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.